| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION: 18-00405-KD-MU** |
| ) | |
| **PETERSON PRODUCE, INC.,** *et al.,* ) | |
|     **Defendants.** ) | |

## ORDER

This matter is before the Court on Plaintiff's motion for default judgment against Defendants Virgie S. Peterson and Paul A. Peterson. (Doc. 14).

## I. <u>Background</u>

On January 22, 2008, Plaintiff Wells Fargo Bank, N.A. (Wells Fargo) issued a Promissory Note to Borrower Defendant Peterson Produce, Inc., for $500,000. (Doc. 1-1). In connection with the Note, individual Defendants Virgie S. Peterson and Paul A. Peterson each separately executed Unconditional Guaranty documents in favor of Wells Fargo, guaranteeing payment and performance of all the Borrower's Note obligations. (Doc. 1-2; Doc. 1-3). Defendants defaulted on the loan and failed to pay the amounts due. On July 26, 2018, Wells Fargo demanded payment of all amounts due. (Doc. 1-4). The Petersons failed to cure the default or repay the amounts owed. As of September 13, 2018, the amount due was $519,774.25 ($482,025.63 in outstanding/unpaid principal, $13,121.81 in accrued/unpaid interest, and $24,626.81 in late charges).

On September 20, 2018, Wells Fargo initiated this action against the Defendants for breach of contract (breach of a Promissory Note and breach of the Guaranty documents) and unjust enrichment. (Doc. 1). Wells Fargo seeks to recover all costs incurred to enforce its rights under the loan documents including attorneys' fees, costs of collection and court costs. Paul Peterson was served on September 24, 2018 and Virgie Peterson was served on October 4, 2018. (Docs. 7, 10). On October 5, 2018, this action as to Defendant Peterson Produce, Inc. was stayed due to its

bankruptcy status. (Doc. 12). The action remains pending as to the individual defendants. To date, the individual defendants have not appeared, defended, or otherwise responded to the Complaint. As such, on November 7, 2018, Wells Fargo applied for a Rule 55 Clerk's entry of default against the individual Peterson defendants. (Doc. 13). The Clerk entered a Default against the individual Peterson defendants on November 19, 2018. (Doc. 15). Presently, Wells Fargo seeks entry of default judgment against the individual Peterson Defendants in the amount of $523,728.86, plus post-judgment interest, costs and attorneys' fees. (Doc. 14).

## II.    Standard of Review

The <u>Federal Rules of Civil Procedure</u> establish a two-part process for obtaining a default judgment. Fed.R.Civ.P. Rule 55. First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. Rule 55(a). Second, after default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default judgment. Fed.R.Civ.P. Rule 55(b)(1). In all other circumstances "the party must apply to the court for a default judgment." Fed.R.Civ.P. Rule 55(b)(2). Specifically, Rule 55(b)(2) provides as follows:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>Tyco Fire & Sec., LLC v. Alcocer</u>, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint … actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." <u>Id</u>. (emphasis omitted). Therefore, Plaintiff must establish a "prima facie liability case" against the defendant. <u>Pitts ex rel. Pitts v. Seneca Sports, Inc</u>., 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted). Further, when assessing damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003). Overall, "there is a strong policy of determining cases on their merits" and therefore defaults are viewed "with disfavor." <u>In re Worldwide Web Sys., Inc. v. Feltman</u>, 328 F.3d 1291, 1295 (11th Cir. 2003). "Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." <u>Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada</u>, 674 F.2d 1365, 1369 (11th Cir. 1982). Finally, "allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." <u>Miller v. Paradise of Port Richey, Inc.</u>, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999).

## III.  <u>Liability</u>

Upon review of the record, the Court is satisfied that both Virgie and Paul Peterson have notice of the default proceedings.  Additionally, a Clerk's Rule 55(a) default has already been entered against the individual Peterson defendants for failure to plead, answer or otherwise defend.

Moreover, Plaintiff seeks an award of **$523,728.86,** plus **post-judgment interest, costs** and **attorneys' fees.** (Doc. 14). As such, there appears to be a sum *which can be made certain or ascertainable* before the Court, from which a default judgment can be entered without a hearing. Securities and Exchange Commission v. Smyth, 420 F.3d 1225, 1231-1232 (11th Cir. 2005) ("Judgment of default awarding cash damages could not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation) (internal quotes and citations omitted). Further, as to the merits, a court may enter a default judgment *only* if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law[]"). In considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. Fidelity & Deposit Co. of Md. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

In support of its motion, Wells Fargo has submitted the Declaration of Tameka Rivers, an Assistant Vice-President/Loan Adjuster of Wells Fargo (Doc. 14- at 6-10 (Decltn. Rivers)), a copy of the Promissory Note (Doc. 14 at 12-17), a copy of the Unconditional Guaranty documents (Doc. 14 at 19-24, 26-31) and a copy of the demand for payment letter (Doc. 14 at 33-36).

Under Alabama law,[1] loan documents are governed under contract law. See Penick v. Most Worshipful Prince Hall Grand Lodge F&AM of Ala., Inc., 46 So.3d 416, 428 (Ala. 2010) (construing terms of a mortgage, notes and modification agreement). In that regard, "[i]f the terms

---

1 "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). In Alabama, the courts follow the traditional conflict-of-law principles of *lex loci contractus*. Lifestar Response of Ala., Inc. v. Admiral Ins. Co., 17 So. 3d 200, 213 (Ala. 2009). Accordingly, contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's law to govern their agreement, Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991). Here, the Unconditional Guaranty documents specify that the law of the State shown as the bank's listed address on the contract governs - here Alabama.

within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment." Diamond v. Bank of Ala., 43 So.3d 552, 563 (Ala. 2009) (construing terms of a promissory note, guaranty, line of credit and letter of credit and finding documents underlying loan transaction were not ambiguous) (citations omitted). See Peppertree Apts., Ltd. v. Peppertree Apts., 631 So.2d 873, 878 (Ala. 1993) ("The intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous.").

## A.   **Breach of Contract**

In order to prevail on its breach of contract claim against the individual Peterson defendants, Wells Fargo must establish the following elements: 1) a valid contract binding the parties; 2) the plaintiff's performance under the contract; 3) the defendants' nonperformance; and 4) resulting damages. See, e.g., National Sec. Fire & Cas. Co. v. DeWitt, 85 So.3d 355, 371 (Ala. 2011); Shaffer v. Regions Fin. Corp., 29 So.3d 872, 880 (Ala. 2009); Vision Bank v. Algernon Land Co., L.L.C., 2011 WL 1380062, *7 (S.D. Ala. Apr. 12, 2011); Wachovia Bank, NA v. L&H Invest., LLC, 2010 WL 3825572, *4 (M.D. Ala. Sep. 24, 2010). The individual defendants have failed to answer or otherwise defend this case.

The undisputed evidence of record confirms that the foregoing contractual elements are satisfied with regard to the loan documents. Specifically, Wells Fargo loaned funds to Peterson Produce, Inc. which was guaranteed by the individual Peterson defendants via valid contracts binding the parties (the Note and Unconditional Guaranty documents); the Note (and Guaranty documents) defaulted (per the Demand letter) because Peterson Produce, Inc. failed to perform (*i.e.*, pay amounts due and owing under its terms); Wells Fargo performed (*i.e.*, it loaned Peterson Produce, Inc. the funds); and damages have resulted (*i.e.*, a balance is owed to Wells Fargo).

Further, as to evidence of the precise debt due (amount certain or ascertainable) under the terms of the Note and Unconditional Guaranty documents, Wells Fargo has submitted the Declaration of Tameka Rivers, an Assistant Vice-President of Wells Fargo, wherein she verifies the facts as plead in the Complaint. Alabama law provides that the proffer of a copy of a note and affidavit testimony as to the amounts due under a note, as well as a defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note. See, e.g., Wells Fargo Bank, N.A. v. Vergos, 2012 WL 206169, *2 (S.D. Ala. Jan. 24, 2012) ("Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note[]"). Thus, under Alabama law, Wells Fargo is entitled to entry of default judgment as a matter of law on its breach of contract claim against the individual Peterson defendants.

However, while liability under the loan documents is established, for a motion for default judgment the "court has an obligation to assure that there is a legitimate basis for any damage award it enters." Philpot, 317 F.3d at 1266. Wells Fargo alleges that the amount owed is **$523,728.86** ($482,025.63 in outstanding/unpaid principal, $16,870.90 in accrued/unpaid interest, and $24,832.33 in late charges) (Doc. 14 at 3; Doc. 14 at 9 (Decltn. Rivers)), *plus* post-judgment interest, costs and attorneys' fees. Wells Fargo has supported this claim with the sworn declaration of Rivers.

**B.      Unjust enrichment**

"The essence of the theories of unjust enrichment …. is that a plaintiff can prove facts showing that defendant holds money which, in equity and good conscience, belongs to plaintiff." Dickinson v. Cosmos Broadcasting Co., Inc., 782 So.2d 260, 266 (Ala. 2000) (citations omitted). Quasi-contractual, equitable remedies are not cognizable in the presence of an express contract between the parties that governs the same subject matter. See, e.g., Lemoine Co. of Alabama,

L.L.C. v. HLH Constructors, Inc., 62 So.3d 1020, 1028 (Ala. 2010); Kennedy v. Polar–BEK & Baker Wildwood Partnership, 682 So.2d 443, 447 (Ala. 1996); Pattans Ventures, Inc. v. Williams, 959 So.2d 115, 117 n. 1 (Ala. Civ. App. 2006); Joiner v. USAA Cas. Ins. Co., 2013 WL 84935, *1 at n. 1 (M.D. Ala. Jan. 8, 2013); Gould v. Transamerica Life Ins. Co., 2012 WL 512667, *3 (S.D. Ala. Feb. 15, 2012); White v. Microsoft Corp., 454 F. Supp. 2d 1118, 1132-1133 (S.D. Ala. 2006).  Stated specifically, the existence of an express contract extinguishes an unjust enrichment claim because unjust enrichment is an equitable remedy to be used only when there is no adequate remedy at law (i.e., the assertion of a breach of contract claim provides *the opportunity* (whether or not ultimately successful) for an adequate remedy at law such that a simultaneous unjust enrichment claim is improper).  See, e.g., Univalor Trust, SA v. Columbia Petroleum, LLC, 315 F.R.D. 374, 382 (S.D. Ala. Jun. 21, 2016) (citing relevant Alabama law).

This Court has already concluded that based on the evidence of record, express contracts (two (2) Unconditional Guaranty documents and the Note) exist and apply, prescribing the individual Peterson defendants' obligations to Wells Fargo.  The existence of these enforceable contracts governing the parties' relationship eliminates Wells Fargo's quasi-contractual claim for recovery of the same money.  Accordingly, as a matter of law, Wells Fargo's motion on its unjust enrichment claim against the individual Peterson defendants is **DENIED** as **MOOT.**

IV.     <u>Attorneys' Fees & Costs</u>

Wells Fargo seeks attorneys' fees and costs but has provided no amount for same, no documentation in support, no affidavit from billing counsel, no billing records, no invoices or itemized statements, etc.  Essentially, there is nothing before the Court supporting the amount of fees and/or costs requested.  As such, the Court is unable to award fees and/or costs at this time.

**V.**    <u>**Conclusion**</u>

Based on the foregoing, it is **ORDERED** that Wells Fargo's motion for default judgment against the individual Peterson defendants (Doc. 14) is **GRANTED in part** and **DENIED in part** as follows: 1) for breach of contract -- **GRANTED** as to liability and damages requested; 3) for unjust enrichment -- **DENIED** as **MOOT**; and 3) for attorneys' fees/costs -- **DENIED at this time**.

Wells Fargo is **ORDERED** to file, on or before **December 7, 2018**, a Supplement (with supporting documents) regarding the requested attorneys' fees/costs.

**DONE** and **ORDERED** this the **29th** day of **November 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**