## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: 18-00405-KD-MU |
| ) | |
| PETERSON PRODUCE, INC., *et al.*, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's supplemented request for attorneys' fees and costs related to its motion for default judgment against Defendants Virgie S. Peterson and Paul A. Peterson. (Doc. 14, Doc. 17).

**I.  FEES**

Plaintiff seeks an award of **$4,265.67** in attorneys' fees from the Baker Donelson law firm as reasonable because it is less than 1/3 of the amount of the principal and interest that is due and owning (citing Coastal Realty & Mortg., Inc. v. First Ala. Bank, 424 So.2d 1315 (Ala. Civ. App. 1982)). (Doc. 17 (Aff. Pierce)). The fees are for the time billed by the following individuals: Eric L. Pruitt ($340/hour), Sam C. Pierce ($192/hour) and Mary F. Cleveland ($126/hour), from July 17, 2018 through October 31, 2018. (Doc. 17 at 8-21). Plaintiff has provided no information as who these individuals are, their years of experience, whether they are attorneys, etc.

When considering the fees requested -- and as explained in Precision IBC, Inc. v. Phoenix Chemical Tech., LLC, 2017 WL 1404328, *1-2 (S.D. Ala. Apr. 19, 2017):

> "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract...." *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009) (citations omitted)....Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to Alabama's imposition of a reasonableness constraint on all fee shifting contracts, as a mat[t]er of public policy....
>
> The calculation of reasonable attorney's fees is within the sound discretion of the court. *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983); *Kiker v. Probate Court of Mobile Cty.*, 67 So. 3d 865, 867 (Ala. 2010)...."'the most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433….(1983)). "The first step….is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cty. Sheriff's Office,* 579 Fed.Appx. 710, 713 (11th Cir. 2014) (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)); *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Barnes*, 168 F.3d at 427. The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

…the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary," or request fees for unsuccessful claims. *Hensley*, 61 U.S. at 434-35. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350. Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. *See, e.g., Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). Notably, "[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." *Id*. at 1303 (citations omitted).

The lodestar figure established by the Court may be adjusted in consideration of various factors that include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A*., 530 So. 2d 740, 749 (Ala. 1988)….

In determining the proper lodestar in this case, the undersigned first considers what hourly rates are reasonable and then what hours were reasonably expended in pursuing this matter. In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly

rates." Hensley, 461 U.S. at 437...Adjustments may be made "as necessary[.]" Blum v. Stenson, 465 U.S. 886, 888 (1984).[1]

Indeed, regardless of who is doing the billing, courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals and non-lawyer law clerks but only to the extent they perform work "traditionally done by an attorney[]" -- i.e., there can be no fees awarded for overhead. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[]"); Vanderbilt Mortg. and Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012). See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6 and note 4 (S.D. Ala. Jan. 27, 2016).[2] "Courts

---

[1] Norman v. Housing Auth. of the City of Montg., 836 F.2d 1292 (11th Cir. 1988). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the court still must determine whether time was reasonably expended and if not, that time should be excluded. Id. While the "lodestar" method effectively replaced Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on the lodestar amount.

[2] Non-recoverable tasks. See, e.g., Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013); Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012); Andriello v. CFI Sales & Marketing, Inc., 2012 WL 3264920, *9 (M.D. Fla. Jan. 4, 2012); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000). As explained in Ford v. Navika Capital Group, LLC, 2017 WL 1381668, *3-4 (S.D. Ala. Apr. 17, 2017) (internal citations omitted):

> Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc…[FN4]...
>
>> [FN4] ….(clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees);….(downloading, scanning or saving files or docket entries are not recoverable); …..(an attorney in an FLSA case should not be permitted to recover fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).
>
> ... The billing records include numerous entries for such tasks (…."receive settlement agreement and W9 form signed from client: scan to file and save,"…."re-scan settlement agreements into S

in this district generally consider tasks such as mailing and telefaxing correspondence, making routine calls to clients, obtaining pleadings from the court's database and printing documents as secretarial functions. *See Allen v. McClain EZ Pack of Alabama, Inc*. 665 F.2d at 697; *Johnson v. TMI Mgmt. Sys., Inc.,* 2012 WL 4435304, *5; *Oden*, 2013 WL 4046456, * 8." Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013). See also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition).

A. **Reasonable Rate**

As the party requesting fees, Plaintiff bears the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Barnes, 168 F.3d at 427 (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[]'"). Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the

---

drive for clients", …"further preparation of documents for client correspondence", …"conference with counsel regarding strategy on service affidavits," …"compilation of correspondence and pleadings regarding all parties in lawsuit,"… "analysis of scheduling order/docket.."…. "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet ...", etc….. The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with...." ….

4

reasonableness and propriety of the requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

Plaintiff seeks to recover the following rates for the work of individuals employed in the Birmingham, Alabama office of Baker Donelson: Eric L. Pruitt ($340/hour), Sam C. Pierce ($192/hour) and (presumed)3 paralegal Mary F. Cleveland ($126/hour). The relevant market rate is Mobile, Alabama. Plaintiff has not submitted the standard declaration or affidavit from *local* counsel, attesting to the reasonableness of the fees requested. Nevertheless, in the relevant market of Mobile, the undersigned has found $250-300/hour to be a reasonable hourly rate for senior level attorneys/partners with decades years of experience[4]; $225/hour for associates with 10 years (or more) of experience; and $75/hour for paralegals. As noted *supra*, however, Plaintiff has not sufficiently identified Pruitt, Pierce and/or Cleveland, their years of experience, etc.

However, instead of denying the fees requested outright due to Plaintiff's failure to provide sufficient information, the Court has conducted its own review of the Baker Donelson website to

---

3 This presumption iss based on the fact that Cleveland is not listed as an attorney on the law firm's website.

4 See, e.g., Higdon v. Critter Control of the Gulf Coast, LLC, 2013 WL 673462, *5 (S.D. Ala. Feb. 25, 2013) (awarding $250/hour to counsel who had been practicing since 1989); Goldsby v. Renosol Seating, LLC, 2013 WL 6535253, *9 (S.D. Ala. Dec. 13, 2013) (finding $250-$300/hour reasonable "for more experienced and qualified attorneys[]"); Decorative Components Incorporated, Inc. v. ICON Computing Solutions, Inc., 2012 WL 5398800, *5-6 (S.D. Ala. Nov. 2, 2012) (recognizing that $250-$350/hour was reasonable for "top Mobile lawyers in complex cases" and $250/hour "for an attorney with 15 years of experience as a law firm partner[]"). For associates. See, e.g., Wells Fargo Bank, N.A. v. Friday Const. Co., Inc., 2012 WL 5381558, *5 (S.D. Ala. Oct. 31, 2012) (awarding $225/hour to an attorney with 10 years of experience); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Jan. 3, 2011) (same). See also Mitchell Co., Inc. v. Campus, 2009 WL. 2567889, *1 and *17–18 (S.D. Ala. Aug. 18, 2009) (awarding $225/hour for an attorney with 12 years of experience). For paralegals. See, e.g., PNC Bank v. Classic Crab, Inc., 2016 WL 4257360, *5 (S.D. Ala. Aug. 11, 2016); Denny Mfg., 2011 WL 2180358, *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *5 (S.D. Ala. Feb. 3, 2011).

identify these individuals. Eric Pruitt is listed as a Shareholder with 20 years of experience. Sam Pierce is listed as an Associate with three (3) years of experience. No information is provided for Mary F. Cleveland (either by counsel or on the firm's website), but the Court presumes that she is a paralegal. Based on the foregoing, the Court awards -- as reasonable -- the following rates: **$300/hour** for Pruitt, **$150/hour** for Pierce, and **$75/hour** for Cleveland.

B.   **Reasonable Hours**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding a fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 573-574 (1986), the U.S. Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded .... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. at 573 See also Wolff, 2012 WL 5303665, *4-5. Moreover, when a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). See also e.g., Padurjan, 441 Fed. Appx. at 687 (district court did not err when it reduced the hours 50% across the board); Garrett, 956 F.Supp.2d at 1343-1344 (10% across the board cut for excessive

6

fees); SE Property Holdings, LLC v. Green, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013) (15% across the board reduction for clerical tasks performed by attorneys or paralegals, excessive billing for intra-office conferences among timekeepers, premature preparation of litigation documents never filed, and billings for monthly status reports); Barnes, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary[]"); Whitney Bank v. Davis-Jeffries-Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (50% across the board cut); Alorica, 2012 WL 5452196, *7 (50% across the board cut); Western Sur. Co. v. Bradford Elec. Co., Inc., 483 F.Supp.2d 1114, 1121 (N.D. Ala. 2007) (hours spent on clerical work is not recoverable and time billed must not be excessive, redundant or otherwise unnecessary and allowing for reductions in time for various activities, including reductions of 1/3 of the time billed); United States v. Adkinson, 256 F.Supp.2d 1297, 1316 (S.D. Fla. 2003) (reducing hours by 20% due to their excessive nature).

Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Hensley, 461 U.S. at 433-434. See also e.g., Norman, 836 F.2d at 1299, 1303 ("[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment[]") (citations omitted); Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (25% across the board reduction). And as noted *supra*, "regardless of who performs them[,]" clerical or secretarial tasks (i.e., administrative) are not recoverable.

The Court has reviewed the time billed by the attorneys. (Doc. 17 at 9, 12, 16, 21). Pruitt billed 1.1 hours and Pierce billed 14 hours -- a total of 15.10 hours. (Id.) Their billed time appears

recoverable and does not appear excessive, redundant, or otherwise unnecessary. Upon consideration, the Court finds reasonable the **15.10 hours** billed by these attorneys.

Paralegal Cleveland billed for **6.30 hours**. A review of the billed time indicates instances of "blocked,"[5] excessive, and/or non-recoverable time. As stated *supra*, courts may award fees for the work of paralegals *but only to the extent they perform work traditionally done by an attorney* (clerical/secretarial tasks -- calendaring, e-filing, e-mailing, preparing civil cover sheets/summonses, receiving/reviewing certified mail receipts, etc. -- are not recoverable). Additionally, some tasks appear to have taken an excessive amount of time (e.g., billing 1 hour for filing summonses) and/or is presented in blocked manner. Upon consideration, the Court reduces Cleveland's billed time by deleting the following 4.2 hours:

| Date | Task | Hours |
|---|---|---|
| 9/20/18 | Preparing civil cover sheet | .50 |
| 9/20/18 | Including case number on complaint and filing complaint | .40 |
| 9/20/18 | Email cover sheet to clerk | .20 |
| 9/21/18 | Filing summons | .60 |
| 9/21/18 | Preparing summons/complaint for certified mail to defendants | .30 |
| 9/26/18 | Review/mail corporate disclosure to defendants | .30 |
| 10/2/18 | Filing proofs of service | .60 |
| 10/2/18 | Filing responses to motion to stay | .20 |
| 10/3/18 | Online research of US Post Office website | .30 |
| 10/4/18 | Online research of US post office website/file return receipt | .40 |
| 10/5/18 | Review/file bankruptcy order | .10 |
| 10/29/18 | Review/file bankruptcy stipulation | .10 |
| 10/31/18 | Retrieve/review bankruptcy schedules | .20 |

From this, Cleveland is awarded **2.1 hours.**

**C.     Calculation**

Based on the foregoing, the Court awards **$2,557.50** in fees to Baker Donelson as follows: Pruitt **$330** ($300/hour for 1.1 hours); Pierce **$2,100** ($150/hour for 14 hours); and Cleveland **$157.50** ($75/hour for 2.1 hours).

---

5 Multiple tasks listed in one block of billed time.

**D.    The Lodestar**

"For decades the law in this circuit has been that '[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Norman, 836 F.2d at 1303.  Accordingly, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the [appellate] court may make the award on its own experience." Id.  The lodestar figure established may be adjusted by consideration of various factors including the following:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988).  After consideration of the foregoing factors, the Court finds no need to adjust the lodestar.

**II.    COSTS**

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."  Plaintiff prevailed on its breach of contract claim via the Court's granting of its motion for default judgment. (Doc. 16).   Plaintiff seeks **$409.87** in costs ($400 filing fee, $8.46 postage, $1.41 postage).  (Doc. 17 at 16).  Upon consideration, the Court finds that the costs requested by Plaintiff are reasonable and recoverable.

**III.   CONCLUSION**

Based on the foregoing, it is **ORDERED** that Plaintiff's supplemented request for attorneys' fees and costs (Doc. 14, Doc. 17) is **DENIED in part** and **GRANTED in part**: 1)

**$157.50** for paralegal Cleveland, **GRANTED** as to a $75/hour rate for 2.1 hours but **DENIED** as to the remainder; 2) **$2,430** for attorneys Pruitt and Pierce, **GRANTED** as to the hours billed and the $300/hour rate (Pruitt) and $150/hour rate (Pierce) but **DENIED** as to the remainder; and 3) as to costs, **GRANTED** as to **$409.87**. The total award is thus **$2,997.37.**

A Final Judgment shall issue in this case upon resolution of all claims against all parties (the action is presently stayed as to Defendant Peterson Produce, Inc.).

**DONE** and **ORDERED** this the **11th** day of **December 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**