## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:18-00405-KD-MU** |
| | ) | |
| **PETERSON PRODUCE, INC.,** *et al.***,** | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion for partial summary judgment (Doc. 26). For the reasons discussed herein, Plaintiff's motion for partial summary judgment against Defendant Peterson Produce, Inc. is **GRANTED**.

### I.     Findings of Fact[1]

On September 20, 2018, Plaintiff Wells Fargo Bank, N.A. (Wells Fargo) initiated this action against the Defendant Peterson Produce, Inc. and against Defendants Virgie S. Peterson and Paul A. Peterson individually for breach of contract (breach of a Promissory Note and breach of the Guaranty documents) and unjust enrichment.  (Doc. 1).  Wells Fargo seeks to recover all costs incurred to enforce its rights under the loan documents including attorneys' fees, costs of collection and court costs.  On October 5, 2018, this action as to Peterson Produce, Inc. was stayed due to its bankruptcy status. (Doc. 12). The individual defendants did not appear, defend, or otherwise respond to the Complaint. As such, on November 7, 2018, Wells Fargo applied for a Rule 55 Clerk's entry of default against the individual Peterson defendants (Doc. 13) and the Clerk entered

---

[1] The facts are taken in the light most favorable to the non-movant.  Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11ᵗʰ Cir. 1992).  The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case."  Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11ᵗʰ Cir. 2000).

a Default against the individual Peterson defendants on November 19, 2018. (Doc. 15). A Rule

54(b) judgement was entered against the individual Peterson defendants on January 1, 2019 in the

amount of $523,728.86. (Doc. 20). On September 27, 2019, Wells Fargo filed a Motion to lift the

stay as to Peterson Produce, Inc. (Doc. 23). The stay was lifted October 3, 2019. Presently, Wells

Fargo seeks partial summary judgment as to Count I of the Complaint alleging a breach of contract

claim against Peterson Produce, Inc., in an amount of $522,666.42 plus attorneys' fees and court

costs. (Doc. 26-3 at 2).

On January 22, 2008, Wells Fargo issued a Promissory Note to Borrower Peterson Produce,

Inc., for $500,000. (Doc. 1-1). In connection with the Note, individual Peterson defendants each

separately executed Unconditional Guaranty documents in favor of Wells Fargo, guaranteeing

payment and performance of all the Borrower's Note obligations. (Doc. 1-2; Doc. 1-3).

Defendants defaulted on the loan and failed to pay the amounts due. On July 26, 2018, Wells

Fargo demanded payment of all amounts due. (Doc. 1-4). The Petersons failed to cure the default

or repay the amounts owed. As of September 13, 2018, the amount due was $519,774.25

($482,025.63 in outstanding/unpaid principal, $13,121.81 in accrued/unpaid interest, and

$24,626.81 in late charges). Now Wells Fargo seeks to recover against Peterson Produce, Inc.

## II.     <u>Standard of Review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a). Rule 56(c) provides as follows:

> *(c) Procedures*
> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

*(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

*(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

Peterson Produce, Inc. has failed to file any response to Defendant's partial summary judgment; as such, the motion is unopposed. Federal Rule of Civil Procedure Rule 56(e)(3) states that if a party "fails to properly address another party's assertion of fact...the court may grant summary judgment if the motion and supporting materials…show that the movant is entitled to it." Additionally, Local Rule 7.2(b) requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute:

> ...the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D.Ala.L.R. 7.2(b).

Peterson Produce, Inc. has failed to point out any disputed facts as to the partial summary judgment motion issue, it did not respond at all, and its "[f]ailure to do so will be considered an admission that no material factual dispute exists." L.R. 7.2(b). See, e.g., Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006) (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts ...").

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving

party." Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985).

Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact."

Id. In United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004), "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion."

Specifically, per the Eleventh Circuit:

> ... the district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials ... At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment..... In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must [ ] indicate that the merits of the motion were addressed....

Id. (citations omitted).

### III.     The Claims

### A.     Breach of Contract

At the outset, this case invokes subject matter jurisdiction pursuant to § 1332 (diversity jurisdiction). "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Alabama courts hold that contract claims are governed by the laws of the state in which the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement. Cherry, Bekaert & Holland v. Brown, 582 So.2d 502, 506 (Ala. 1991). Here, the unconditional Guaranty documents specify that the law of the state shown as the bank's

listed address on the contract—Alabama—governs. (Doc. 1-1). The court thus applies Alabama law.

To prevail on its breach of contract claim against Peterson Produce, Inc., Wells Fargo must establish the following elements: 1) a valid contract binding the parties; 2) the plaintiff's performance under the contract; 3) the defendant's nonperformance; and 4) resulting damages. See, e.g., National Sec. Fire & Cas. Co. v. DeWitt, 85 So.3d 355, 371 (Ala. 2011); Shaffer v. Regions Fin. Corp., 29 So.3d 872, 880 (Ala. 2009); Vision Bank v. Algernon Land Co., L.L.C., 2011 WL 1380062, *7 (S.D. Ala. Apr. 12, 2011); Wachovia Bank, NA v. L&H Invest., LLC, 2010 WL 3825572, *4 (M.D. Ala. Sep. 24, 2010).

As noted supra, on January 22, 2008 Wells Fargo made a line of credit loan to Peterson Produce, Inc. in the amount of $500,000.00. (Doc. 1 at 2). Wells Fargo alleges that "[e]vents of Default have occurred and are continuing under the Loan Documents…including… Peterson Produce's failure to pay all amounts due and owing under the Loan Documents." (Doc. 26-3 at 3). Peterson Produce has failed to cure the Events of Default or otherwise repay Wells Fargo; Wells Fargo asserts it is due $522,666.42. (Id.).

The evidence submitted in support of summary judgment indicates the following: Peterson Produce, Inc. entered into a valid contractual relationship with Wells Fargo; Wells Fargo performed on the contract; Peterson Produce, Inc. has failed to perform or cure the Events of Default; and as of September 30, 2019 the damages totaled $522,666.42 (excluding attorneys' fees). (Doc. 26-1 at 2-4, 7; Doc. 26-3 at 3). Accordingly, summary judgment is **GRANTED** on Wells Fargo's breach of contract claim.

**B.** **Unjust Enrichment**

Wells Fargo moved only for partial summary judgment on the breach of contract claim--

Count I. (Doc. 26). However, the remaining count, unjust enrichment-- Count III is moot. As stated

in the courts order granting default judgment against the individual Peterson defendants:

> The essence of the theories of unjust enrichment …. is that a plaintiff can prove facts showing that defendant holds money which, in equity and good conscience, belongs to plaintiff." Dickinson v. Cosmos Broadcasting Co., Inc., 782 So.2d 260, 266 (Ala. 2000) (citations omitted). Quasi-contractual, equitable remedies are not cognizable in the presence of an express contract between the parties that governs the same subject matter. See, e.g., Lemoine Co. of Alabama, L.L.C. v. HLH Constructors, Inc., 62 So.3d 1020, 1028 (Ala. 2010); Kennedy v. Polar–BEK & Baker Wildwood Partnership, 682 So.2d 443, 447 (Ala. 1996); Pattans Ventures, Inc. v. Williams, 959 So.2d 115, 117 n. 1 (Ala. Civ. App. 2006); Joiner v. USAA Cas. Ins. Co., 2013 WL 84935, *1 at n. 1 (M.D. Ala. Jan. 8, 2013); Gould v. Transamerica Life Ins. Co., 2012 WL 512667, *3 (S.D. Ala. Feb. 15, 2012); White v. Microsoft Corp., 454 F. Supp. 2d 1118, 1132-1133 (S.D. Ala. 2006). Stated specifically, the existence of an express contract extinguishes an unjust enrichment claim because unjust enrichment is an equitable remedy to be used only when there is no adequate remedy at law (i.e., the assertion of a breach of contract claim provides the opportunity (whether or not ultimately successful) for an adequate remedy at law such that a simultaneous unjust enrichment claim is improper). See, e.g., Univalor Trust, SA v. Columbia Petroleum, LLC, 315 F.R.D. 374, 382 (S.D. Ala. Jun. 21, 2016) (citing relevant Alabama law).
>
> This Court has already concluded that based on the evidence of record, express contracts (two (2) Unconditional Guaranty documents and the Note) exist and apply, prescribing the individual Peterson defendants' obligations to Wells Fargo. The existence of these enforceable contracts governing the parties' relationship eliminates Wells Fargo's quasi-contractual claim for recovery of the same money. Accordingly, as a matter of law, Wells Fargo's motion on its unjust enrichment claim against the individual Peterson defendants is **DENIED** as **MOOT**.

(Doc. 16 at 6-7). The same result applies to Peterson Produce, Inc. As such, the Court finds

that Count III as to Peterson Produce, Inc. is likewise **MOOT**.

## IV.     Attorneys' Fees

Plaintiff seeks an award of $5,160.00 in attorneys' fees from the Baker Donelson law firm based on "reasonable hourly rates of counsel for Wells Fargo in Mobile, Alabama" "[p]er the Court's December 11 Order." (Doc. 26-2 at 4 (Decl. Pierce)). The fees are for the time billed by the following individuals: Eric L. Pruitt ($300/hour), Sam C. Pierce ($150/hour) and Mary F. Cleveland ($75/hour), from November 6, 2018 through August 28, 2019. (Doc. 26-2 at 6-7, 9-33) (adjusted to be in accord with the Court's December 11 Order).

When considering the fees requested -- and as explained in Precision IBC, Inc. v. Phoenix Chemical Tech., LLC, 2017 WL 1404328, *1-2 (S.D. Ala. Apr. 19, 2017):

> "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract...." Jones v. Regions Bank, 25 So. 3d 427, 441 (Ala. 2009) (citations omitted)....Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to Alabama's imposition of a reasonableness constraint on all fee shifting contracts, as a mat[t]er of public policy....
>
> The calculation of reasonable attorney's fees is within the sound discretion of the court. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983); Kiker v. Probate Court of Mobile Cty., 67 So. 3d 865, 867 (Ala. 2010)...."'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433....(1983)). "The first step....is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." Martinez v. Hernando Cty. Sheriff's Office, 579 Fed.Appx. 710, 713 (11th Cir. 2014) (citing Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)); see also Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Barnes, 168 F.3d at 427. The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness

of requested attorney's fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

…the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary," or request fees for unsuccessful claims. Hensley, 61 U.S. at 434-35. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350. Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. See, e.g., Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Notably, "[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." Id. at 1303 (citations omitted).

The lodestar figure established by the Court may be adjusted in consideration of various factors that include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So. 2d 740, 749 (Ala. 1988)….

In determining the proper lodestar in this case, the undersigned first considers what hourly rates are reasonable and then what hours were reasonably expended in pursuing this matter. In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437...Adjustments may be made "as necessary[.]" Blum v. Stenson, 465 U.S. 886, 888 (1984).[2]

---

[2] Norman v. Housing Auth. of the City of Montg., 836 F.2d 1292 (11th Cir. 1988). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the court still must determine whether time was reasonably expended and if not, that time should be excluded. Id. While the "lodestar" method effectively replaced Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on the lodestar amount.

Indeed, regardless of who is doing the billing, courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals and non-lawyer law clerks but only to the extent they perform work "traditionally done by an attorney[]" -- i.e., there can be no fees awarded for overhead. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[]"); Vanderbilt Mortg. and Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015) ("excessive, redundant, or otherwise unnecessary" fees are not recoverable); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012) (allowing recovery of traditional attorney-work but not clerical work). See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6, n. 4 (S.D. Ala. Jan. 27, 2016) (clerical tasks are not recoverable).[3]

---

[3] Non-recoverable tasks. See, e.g., Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013) (tasks like emailing, faxing, obtaining pleadings from the court's database, etc. are not recoverable); Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (holding that time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," etc. are not compensable); Andriello v. CFI Sales & Marketing, Inc., 2012 WL 3264920, *9 (M.D. Fla. Jan. 4, 2012) (same); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000) (excessive time billed not compensable). As explained in Ford v. Navika Capital Grp., LLC, 2017 WL 1381668, at *3-4 (S.D. Ala. Apr. 17, 2017) (internal citations omitted):

> Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc…[FN4]...
>
>> [FN4] ….(clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees);….(downloading, scanning or saving files or docket entries are not recoverable); …..(an attorney in an FLSA case should not be permitted to recover

"Courts in this district generally consider tasks such as mailing and telefaxing correspondence, making routine calls to clients, obtaining pleadings from the court's database and printing documents as secretarial functions." Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013). See Johnson v. TMI Mgmt. Sys., Inc., 2012 WL 4435304, *5 (S.D. Ala. 2012) (finding "telephone call to client re: scheduling appointment," "receipt and download of order," and "review of the Court's Order…" non-compensable); Oden, 2013 WL 4046456, *8 (S.D. Ala. 2013) (excessive time spent tracking down documents is not recoverable). See also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition).

A.    **Reasonable Rate**

As the party requesting fees, Plaintiff bears the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Barnes, 168 F.3d at 427 (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has

---

fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).

... The billing records include numerous entries for such tasks (…."receive settlement agreement and W9 form signed from client: scan to file and save,"…."re-scan settlement agreements into S drive for clients", …"further preparation of documents for client correspondence", …"conference with counsel regarding strategy on service affidavits," …"compilation of correspondence and pleadings regarding all parties in lawsuit,"… "analysis of scheduling order/docket.."…. "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet ...", etc….. The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with...." ….

instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[]'"). Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

Plaintiff seeks to recover the following rates for the work of individuals employed in the Birmingham, Alabama office of Baker Donelson: Eric L. Pruitt ($300/hour), Sam C. Pierce ($150/hour) and paralegal Mary F. Cleveland ($75/hour). The relevant market rate is Mobile, Alabama. Plaintiff has not submitted the standard declaration or affidavit from local counsel, attesting to the reasonableness of the fees requested. Nevertheless, Plaintiff based its final figure for attorneys' fees on the previously determined reasonable rate. (Doc. 26-2 at 4 (citing Doc. 18)). As determined previously, the Court awards—as reasonable—the following rates: $300/hour for Pruitt, $150/hour for Pierce, and $75/hour for Cleveland.

**B.    Reasonable Hours**

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding a fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 573-574 (1986), the U.S. Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded .... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. at 573. See also Wolff, 2012 WL 5303665, *4-5. Moreover, when a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). See also e.g., Padurjan v. Aventura Limousine & Transp. Service, Inc., 441 Fed. Appx. 684, 687 (11th Cir. 2011) (district court did not err when it reduced the hours 50% across the board). Additionally, "regardless of who performs them[,]" clerical or secretarial tasks (i.e., administrative) are not recoverable. See, e.g., Missouri  v. Jenkins ex rel. Agyei, 491 U.S. 274, 288 at n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal

rate, regardless of who performs them[]"); Vanderbilt Mortgage and Finance, Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Property Holdings, LLC v. Green, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013) (reduction for clerical tasks performed by attorneys or paralegals, excessive billing for intra-office conferences among timekeepers, premature preparation of litigation documents never filed, and billings for monthly status reports); Barnes, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary[]"); Western Sur. Co. v. Bradford Elec. Co., Inc., 483 F.Supp.2d 1114, 1121 (N.D. Ala. 2007) (hours spent on clerical work is not recoverable and time billed must not be excessive, redundant or otherwise unnecessary and allowing for reductions in time for various activities, including reductions time billed). Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Hensley, 461 U.S. at 433-434. See also e.g., Norman, 836 F.2d at 1299, 1303 ("[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment[]") (citations omitted); Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (25% across the board reduction).

The Court has reviewed the time billed by the attorneys. (Doc. 26-2 at 9, 12, 16, 21). Pruitt billed 1.8 hours and Pierce billed 27.5 hours -- a total of 29.3 hours. (Id. at 6). The Court finds their billed time to be reasonable. Upon consideration, the Court finds reasonable the **29.3 hours** billed by these attorneys as follows: Pierce 27.5 hours and Pruitt 1.8 hours.

Paralegal Cleveland billed for **6.60 hours**. A review of the billed time indicates instances of non-recoverable time. As stated *supra*, courts may award fees for the work of *paralegals but only to the extent they perform work traditionally done by an attorney* (clerical/secretarial tasks -- calendaring, e-filing, e-mailing, preparing civil cover sheets/summonses, receiving/reviewing certified mail receipts, etc. -- are not recoverable). Upon consideration, the Court reduces Cleveland's billed time by deleting the following 3.2 hours:

> 11/7/18 Filing application for entry of default; mailing pleadings to Defendants .60
> 12/19/18 Phone call to Southern District Court .20
> 1/3/19 File motion, review and save filed motion, correspondence with Pierce and serve parties .50
> 1/10/19 Phone call to Southern District Court .30
> 1/28/19 Review, scan, save certificates of judgment; forward copies to Pierce .20
> 2/22/19 Forward judgment, call to clerk, email clerk, save judgment .70
> 5/22/19 File objection and mail copies .50
> 6/19/19 Retrieve and send copies .20

From this, Cleveland is awarded **3.4 hours**.

## C.     The Lodestar

"For decades the law in this circuit has been that '[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Norman, 836 F.2d at 1303. Accordingly, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the [appellate] court may make the award on its own experience." Id. The lodestar figure established may be adjusted by consideration of various factors including the following:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional

experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988).

Based on the foregoing, the Court awards $4,920.00 in fees to Baker Donelson as follows: Pruitt $540.00 ($300/hour for 1.8 hours); Pierce $4,125.00 ($150/hour for 27.5 hours); and Cleveland $255.00 ($75/hour for 3.4 hours).

## V.     **Expenses**

Plaintiff seeks to recover **$229.06** for expenses incurred from November 2018-August 2019 for the following expenses: $13.24 postage, $6.52 postage, $66 court fees, $1.63 postage, $11.08 delivery services/FedEx, $2.72 postage, $32.00 filing fee/recording fees—two certificates of judgment, $35.00 filing fee/recording fees—two certificates of judgment, $38.00 filing fee/recording fees—two certificates of judgment , $3.63 postage, $2.04 postage, $17.20 postage. (Doc. 26-2 at 11, 15, 18-19, 27).

The Promissory Note provides as follows with respect to costs:

> "**Attorneys' Fees and Other Collection Costs**. Borrower shall pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys', and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceedings."

(Doc. 26-1 at 9).

Under Alabama law, "[t]he intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract,

if the language is plain and unambiguous[].” Peppertree Apartments, Ltd. v. Peppertree Apartments, 631 So.2d 873, 878 (Ala. 1993). Based on the unambiguous terms of the Promissory Note, along with the Declaration of Samuel C. Pierce, the Court finds that the Plaintiff is entitled to recover the expenses requested, which the Court finds reasonable.

## VI.    Conclusion

Accordingly, it is **ORDERED** that Plaintiff's motion (Doc. 26) is **GRANTED** in the amount of $522,666.42, which is comprised of $482,025.63 in outstanding and unpaid principal and $40,640.79 in accrued and unpaid interest.

As to attorneys' fees and costs, the Court awards $4,920.00 in fees to Baker Donelson and $229.06 in costs.

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **12th** day of **December 2019.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**